IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAVID P. BROWN,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 07-325C<br>(Judge Eric G. Bruggink) |

**JOINT STATUS REPORT**

Pursuant to the Order issued by the Court on March 5, 2008, plaintiff and defendant respectfully submit the following joint status report:

1. Since the filing of the parties' last joint status report, the parties have continued to discuss the manner in which payments should be calculated based upon a previously negotiated settlement which would apply to this case and 12 other cases involving similar claims. These discussions principally concern certain situations that may be relevant to a limited number of plaintiffs in these cases. Pursuant to these discussions, the parties agreed that plaintiffs in these cases would submit to defendant a statement of Fair Labor Standards Act ("FLSA") hours they claim to have worked during the times in question (other than home-to-work driving time), and defendant would compute the amount of back pay that would be appropriate based upon these submissions. The parties would then discuss whether the amount computed by defendant would be adequate to resolve plaintiff's claims, other than claims for home-to-work driving time, which would not be covered by the settlement.

2. On March 27, 2008, plaintiff's counsel forwarded to defendant a statement of FLSA hours for the plaintiff in this case and 58 other plaintiffs in various other cases. To date, defendant has completed and forwarded computations for 59 plaintiffs, including the one plaintiff in this case.

3 As stated in our last status report, appellants' petition for writ of *certiorari* filed in Stephen S. Adams, et al. v. United States, No. 70-116 (July 27, 2007), seeking review of the Federal Circuit's March 14, 2007 ruling against the plaintiffs concerning the home-to-work driving issue involved, was denied on January 7, 2008. Since that time, defendant has filed dispositive motions concerning home-to-work driving claims that remain to be adjudicated in Adams, as well as home-to-work driving claims in several other cases, some of which, like this case, involved diversion investigators employed by the Drug Enforcement Administration. The diversion investigator cases in which such motions have been filed to date are Grush v. United States, No. 07-232C; Breiner v. United States, No. 07-249C; Carrion v. United States, No. 07-626C; Crusan v. United States, No. 07-434C; Federico v. United States, No. 08-44C; Stocum v. United States, No. 07-03C; and Hamilton v. United States, No. 06-680C. Diversion investigator claims, among many others, are also involved in Adams. Discovery has also been conducted in some of the diversion investigator cases.

4. Defendant anticipates filing a dispositive motion concerning the home-to-work driving claim in this case on or before July 7, 2008.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530

Tel: (202) 616-8275
Fax: (202) 305-7643

Attorneys for Defendant

Dated: June 6, 2008

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: June 6, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 6th day of June 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Jules Bernstein**